# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

JESSE ANDREW LEON GUERRERO,
*aka* Jesse Aaron Leon Guerrero
DOB: 01/10/1972

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0690-24**
GPD Report Nos. 24-23035/24-17683/24-20828/
24-23045

**DECISION AND ORDER RE.
DEFENDANT'S ORAL MOTION FOR
JUDGMENT OF ACQUITTAL**

This matter came before the Honorable Alberto E. Tolentino on September 2, 2025, through Defendant Jesse Andrew Leon Guerrero's ("Defendant") oral Motion for Judgment of Acquittal. The Defendant was present with counsel Attorney Thomas Fisher. Acting Chief Prosecutor Neil Bonavita was present for the People of Guam ("People"). Jury Selection and Trial commenced in this case on August 25, 2025. Following the close of the People's case-in-chief on September 2, 2025, the Defendant made his oral motion for Judgment of Acquittal. After hearing the parties' arguments, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam. Having considered the parties' arguments, the testimony and evidence presented thus far, and applicable legal authority, the court granted the Defendant's Motion for Judgment of Acquittal as to the First Charge of the Second Superseding Indictment from the bench. The Court now issues this Decision and Order memorializing its decision, **GRANTING** the Defendant's oral Motion for Judgment of Acquittal.

## BACKGROUND

Pursuant to a Second Superseding Indictment, the Defendant is charged with: (1) POSSESSION WITH INTENT TO DELIVER A SCHEDULE II CONTROLLED SUBSTANCE (As a 1st Degree Felony); (2) POSSESSION OF A FIREARM WITHOUT A FIREARMS IDENTIFICATION CARD (As a Third Degree Felony); and (3) POSSESSION OF AN UNREGISTERED FIREARM (As a Third Degree Felony). *See* Second Superseding Indictment (Aug. 22, 2025). On August 25, 2025, Jury Selection and Trial commenced in this case. Over the course of six (6) days, the People presented its case-in-chief through twelve (12) witnesses.

Upon the People resting its case, the Defendant presented his oral Motion for Judgment of Acquittal ("Motion"), arguing that the People failed to present evidence to the jury as to the First Charge of POSSESSION WITH INTENT TO DELIVER A SCHEDULE II CONTROLLED SUBSTANCE (As a 1st Degree Felony). *See* Jury Trial Mins. at 3:05:09 – 10:13PM (Sep. 2, 2025). The court briefly took the matter under advisement before rendering its decision to grant the Defendant's Motion to acquit the Defendant of the First Charge of POSSESSION WITH INTENT TO DELIVER A SCHEDULE II CONTROLLED SUBSTANCE (As a 1st Degree Felony). *Id.* at 5:01:27 – 07:32PM.

## DISCUSSION

"The court on motion of a defendant or on its own motion shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information or complaint after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses." 8 GCA § 100.10.

When ruling on a motion for judgment of acquittal, a court "review[s] the evidence in the light most favorable to the People and determine[s] whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *People v. Wia*, 2020 Guam 17, ¶¶ 35-36 (internal citations omitted). "This is a 'highly deferential standard of review.'" *People v. Song*, 2012 Guam 21 ¶ 26 (quoting *People v. Tenorio*, 2007 Guam 19 ¶ 9). However, "the People 'must be afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom.'" *Id.* at ¶ 28 (quoting *State v. Sisk*, 343 S.W.3d 60, 65 (Tenn. 2011)).

Moreover, "[i]t is not the province of the court, in determining [a motion for a judgment of acquittal], to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury. *** [Instead, t]he court is concerned with the existence or nonexistence of evidence, not its weight, ... and this standard remains constant even when the People rely exclusively on circumstantial evidence." *Wia* ¶ 36. (internal citations omitted); *see also People v. Cruz*, 1998 Guam 18 ¶ 9.

The Defendant argues that the People have failed to show that this charge can go forward to the jury for deliberation, because nothing more than suspected methamphetamine residue was presented to the jury. *See* Jury Trial Mins. at 3:05:09 –10:13PM (Sep. 2, 2025). In response, the People indicated that there was more than enough evidence presented in its case-in-chief for the first charge to go forward to the jury. *Id.* at 3:10:14 – 13:30PM. Namely, the People stated that multiple digital scales, a green straw with residue, several pipes, and all the witnesses' testimonies show that the Defendant possessed methamphetamine with the intent to deliver, manufacture, or dispense methamphetamine. *Id.*

Looking at the evidence in the light most favorable to the People as the nonmoving party, an unquantified amount of methamphetamine residue along with the testimony and other pieces of physical evidence the People indicated above, are not enough for any rational trier of fact to conclude that the Defendant possessed methamphetamine with the intent to deliver methamphetamine on October 1, 2024.

Therefore, the court finds that acquittal as to the First Charge of POSSESSION WITH INTENT TO DELIVER A SCHEDULE II CONTROLLED SUBSTANCE (As a 1st Degree Felony) is appropriate in this case upon reviewing the evidence in a light most favorable to the People.

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Defendant's oral Motion for Judgment of Acquittal as to the First Charge of POSSESSION WITH INTENT TO DELIVER A SCHEDULE II CONTROLLED SUBSTANCE (As a 1st Degree Felony).

**SO ORDERED** this _____10|24|25_____, *nunc pro tunc*, September 2, 2025.



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

_AG, Fisher_

Date: 10/27/25 Time: 1:43pm

_Antonio_ _____
Deputy Clerk, Superior Court of Guam